# Exhibit 1



**MOUNTAIN STATES LEGAL FOUNDATION**

2596 South Lewis Way
Lakewood, Colorado 80227
303-292-2021 • FAX 303-292-1980
www.mountainstateslegal.org

July 22, 2010

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED 7004 2510 0006 1985 8680**

John Potter
Postmaster General
United States Postal Service
475 L'Enfant Plaza SW, Room 10022
Washington, D.C. 20260-0010

    Re:   Postal Service Firearms Ban, 36 C.F.R. § 232.1(*l*)

Dear Postmaster General Potter:

    I write on behalf of my clients, Tab and Debbie Bonidy. The Bonidys live in rural Colorado and because they do not have home mail service, the local Post Office, in Avon, Colorado, provides the Bonidys and their neighbors with post office boxes at no charge. They must drive approximately 10 miles roundtrip from their home to reach the Post Office to pick up their mail. Mr. and Mrs. Bonidy are both licensed pursuant to Colorado law to carry a handgun, and they both regularly carry a handgun for self-defense.

    The Bonidys intend to exercise their right to bear arms on Postal property, but are prevented from doing so by the Postal Service's regulatory firearms ban, 39 C.F.R. § 232.1(*l*). The Bonidys fear prosecution under 39 C.F.R. § 232.1(*l*) if they carry a firearm on Postal property. Moreover, the threat of prosecution remains even if they store their firearms in their cars when they pick up their mail, because they normally must park on Postal property.

    The Postal Service's total ban on firearms possession violates "the individual right to possess and carry weapons in case of confrontation" protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. ___, 128 S. Ct. 2783, 2797 (2008); *McDonald v. Chicago*, 561 U.S. ___, slip op. at 31 (2010). This regulatory prohibition is broader than the federal statute governing firearms on federal land, which recognizes the right of individuals to possess firearms in most federal facilities "incident to hunting or other lawful purposes." 18 U.S.C. § 930(d)(3).

Postmaster General John Potter
July 22, 2010
Page 2

    The broad reach of 39 C.F.R. § 232.1(*l*) "makes it impossible for citizens to use [firearms] for the core lawful purpose of self-defense and is hence unconstitutional." *Heller*, 128 S. Ct. at 2819. The Postal Service's regulatory ban effectively denies the right to keep and bear arms not just on Postal property, but everywhere a law-abiding gun owner travels before and after visiting Postal property. My clients' right to bear arms is violated by 39 C.F.R. § 232.1(*l*) when they are traveling to, from, or through publicly-accessible Postal property because the regulatory ban does not even allow individuals to safely store a firearm in their vehicles. An individual who has a hunting rifle or shotgun in his trunk, or a handgun in his glove compartment for self-defense, would violate the Postal Service ban simply by driving onto Postal property.

    My clients respectfully request that the Postal Service recognize their right to bear arms by repealing or amending 39 C.F.R. § 232.1(*l*). If I do not receive confirmation within the next thirty days that you intend to repeal the regulation in question, my clients will avail themselves of other legal remedies available to them.

    Thank you for your consideration in this matter.

                  Sincerely,

                  MOUNTAIN STATES LEGAL FOUNDATION

                  James M. Manley
                  Staff Attorney

cc:    Ms. Mary Anne Gibbons
       Senior Vice President, General Counsel
       United States Postal Service
       475 L'Enfant Plaza, SW, Room 6004
       Washington, D.C. 20260-1100

       Mr. Sylvester Black
       Postal Service Area Vice President
       United States Postal Service Western Area Office
       1745 Stout Street, Suite 500
       Denver, Colorado 80299-6200

       Mr. Selwyn Epperson
       Colorado/Wyoming District Manager
       United States Postal Service Colorado/Wyoming District
       7500 East 53rd Place, Room 2204
       Denver, Colorado 80266-9998