IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02408-RPM

DEBBIE BONIDY,
TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS,

        Plaintiffs,

  v.

UNITED STATES POSTAL SERVICE,
JOHN POTTER, Postmaster General, and
STEVE RUEHLE, Postmaster, Avon, Colorado,

        Defendants.

---

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

        Plaintiffs Debbie Bonidy, Tab Bonidy, and the National Association for Gun Rights, by and through their undersigned attorney, hereby file this First Amended Complaint against Defendants and allege as follows:

## NATURE OF THE CLAIMS

        1.    Plaintiffs seek declaratory and injunctive relief for Defendants' deprivation of the right to keep and bear arms guaranteed by the United States Constitution.

## JURISDICTION

2. This Court has jurisdiction over Plaintiffs' claims for relief pursuant to 39 U.S.C. §§ 401(1) and 409(a), because this action is brought against the United States Postal Service. Jurisdiction is also proper pursuant to 28 U.S.C. § 1331, because the claims arise under the United States Constitution.

## VENUE

3. Venue rests properly in this Court pursuant to 28 U.S.C. § 1391(b) and (e), because, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and a defendant in the action resides within this judicial district.

## PARTIES

4. Plaintiff Debbie Bonidy is a citizen of the United States and a resident of Colorado. Mrs. Bonidy possesses a valid permit to carry a concealed handgun, issued in 2009 pursuant to Colorado's Concealed Carry Act, C.R.S. § 18-12-206. Mrs. Bonidy is a member of the National Association for Gun Rights ("NAGR").

5. Plaintiff Tab Bonidy is a citizen of the United States and a resident of Colorado. Mr. Bonidy possesses a valid permit to carry a concealed handgun, issued in 2009 pursuant to Colorado's Concealed Carry Act, C.R.S. § 18-12-206. Mr. Bonidy is a member of NAGR.

6. Plaintiff National Association for Gun Rights is a membership organization incorporated under the laws of Virginia with its principal place of business in Fredericksburg, Virginia. NAGR has members and supporters throughout the United States, including in Colorado. The purposes of NAGR include securing through education, outreach, and litigation the

constitutional and statutory right to privately own, possess, and carry firearms.  NAGR brings this action on behalf of itself and its members.

7.      Defendant United States Postal Service ("USPS") is "an independent establishment of the executive branch of the government of the United States . . . ." 39 U.S.C. § 201.  The USPS is responsible for providing "postal facilities of such character and in such locations, that postal patrons throughout the Nation will . . . have ready access to essential postal services." 39 U.S.C. § 403(b)(3).  USPS is authorized "to adopt . . . rules and regulations . . . as may be necessary in the execution of its functions." 39 U.S.C. § 403(2).  USPS, by creating and enforcing the policy complained of in this action, currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.

8.      John Potter is the Postmaster General of the USPS.  Defendant Potter is responsible for the administration of the USPS and, by creating and enforcing the policy complained of in this action, currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Potter is sued in his official capacity.

9.      Steve Ruehle is the Postmaster of the Post Office at 111 West Beaver Creek Boulevard in Avon, Colorado.  Defendant Ruehle is responsible for the administration of the Post Office at 111 West Beaver Creek Boulevard in Avon, Colorado, and, by enforcing the policies complained of in this action, currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Ruehle is sued in his official capacity.

## STATEMENT OF FACTS

10. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

11. The Second Amendment guarantees individuals a fundamental right to possess functional firearms—including handguns, rifles, and shotguns—for purposes of self-defense.

12. The Second Amendment guarantees, *inter alia*, "the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. ___, 128 S. Ct. 2783, 2797 (2008); *McDonald v. Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3036 (2010).

13. With certain limited exceptions not applicable to the Plaintiffs, USPS regulations prohibit law-abiding individuals from carrying functional firearms, openly or concealed, onto any real property under the charge and control of the USPS. 39 C.F.R. § 232.1(*l*).

14. Violation of 39 C.F.R. § 232.1(*l*) is punishable by fine, imprisonment, or both. 39 C.F.R. § 232.1(p)(2).

15. The Bonidys live in rural Colorado and they do not have home mail service.

16. The local Post Office—at 111 West Beaver Creek Boulevard in Avon, Colorado—provides the Bonidys and their neighbors with post office boxes at no charge.

17. The Bonidys must drive approximately 10 miles roundtrip from their home to reach the local Post Office to pick up their mail.

18. The Bonidys lawfully own handguns, which they are licensed to carry pursuant to Colorado's Concealed Carry Act, C.R.S. § 18-12-201 *et seq*. Mr. and Mrs. Bonidy presently intend to possess a handgun for self-defense when traveling to, from, through, or on USPS

property but are prevented from doing so by Defendants' active enforcement of 39 C.F.R. § 232.1(*l*).

19. The Bonidys have met all the requirements of Colorado's Concealed Carry Act, which creates a comprehensive statewide regulatory scheme for the concealed carry of handguns. They are residents of Colorado, are over 21 years old, have no history of substance abuse or criminal activity, are not subject to a protection order, have demonstrated competency with a handgun, and have been approved by the Eagle County Sheriff to carry a concealed handgun almost everywhere in the State. *See* C.R.S. § 18-12-203.

20. On July 22, 2010, the Bonidys, through counsel, contacted the USPS to inquire as to whether they would be subject to prosecution pursuant to 39 C.F.R. § 232.1(*l*) if they carried a firearm on USPS property or stored a firearm in their cars when they parked on USPS property when picking up their mail. A copy of this letter is attached hereto as Exhibit 1.

21. On August 3, 2010, Senior Vice President and General Counsel Mary Anne Gibbons responded, on behalf of Postmaster General John Potter, to the Bonidys' July 22, 2010, letter. Ms. Gibbons stated, "the regulations governing Conduct on Postal Property prevent the Bonidys from carrying firearms, openly or concealed, onto any real property under the charge and control of the Postal Service. . . . There are limited exceptions to this policy that would not apply here." A copy of this letter is attached hereto as Exhibit 2.

**CLAIM FOR RELIEF**
**(Functional Firearms Ban)**
**(Right to Keep and Bear Arms)**
**(Declaratory and Injunctive Relief)**

22. Plaintiffs hereby reallege and incorporate the allegations in the preceding paragraphs as if the same were fully set forth here.

23. The right to keep and bear functional firearms for the core lawful purpose of self-defense is guaranteed by the Second Amendment to the United States Constitution.

24. USPS regulations prohibit law-abiding individuals, including Plaintiffs, from carrying functional firearms, openly or concealed, onto any real property under the charge and control of the USPS. 39 C.F.R. § 232.1(*l*).

25. By prohibiting Plaintiffs from possessing a functional firearm on real property under the charge and control of the USPS, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies that deprive Plaintiffs of the right to keep and bear arms, in violation of the Second Amendment.

26. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional laws, customs, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that 39 C.F.R. § 232.1(*l*) deprives Plaintiffs of the right to keep and bear arms for self-defense guaranteed by the Second Amendment, by prohibiting possession of functional firearms on any real property under the charge and control of the USPS;

B. Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from enforcing 39 C.F.R. § 232.1(*l*), which prohibits possession of functional firearms on any real property under the charge and control of the USPS;

C. Award Plaintiffs their costs, attorneys' fees, and other expenses in accordance with law;

D. Award Plaintiffs any further relief this Court deems just and equitable.

DATED this 25th day of October 2010.

Respectfully Submitted By:

/s/ James M. Manley
James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October 2010, I served a true and accurate copy of the foregoing FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF on counsel for Defendants by sending said copies by electronic mail and U.S. mail, certified, return receipt requested, postage pre-paid, and addressed to the following:

Lesley Farby
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7220
P.O. Box 883
Washington, DC 20044
Lesley.Farby@usdoj.gov


    /s/ James M. Manley
    James M. Manley