**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02408-RPM

DEBBIE BONIDY,
          et al.

    Plaintiffs,

    v.

UNITED STATES POSTAL SERVICE,
          et al.

    Defendants.

_____

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**
_____

Defendants, the United States Postal Service ("Postal Service"), Postmaster General

Patrick R. Donahoe, and Avon, Colorado Postmaster Steve Ruehle (collectively, "Postal

Service" or "defendants"), by undersigned counsel, submit the following supplemental authority

in support of their Motion to Dismiss Plaintiffs' First Amended Complaint (Docket #6).

In United States v. Reese, No. 10-2030 (10th Cir. Dec. 10, 2010), the Court of Appeals

addressed an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(8), which prohibits

the possession of firearms while subject to a domestic protection order. The court employed a

two-pronged approach to the Second Amendment challenge. Reese, slip op. at 16 (citing United

States v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010) and United States v. Skoien, 614 F.3d 638,

641-42 (7th Cir. 2010) (en banc)). As the court explained:

> Under this approach, a reviewing court first asks whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee.  If it does not, the court's inquiry is complete.  If it does, the court must evaluate the law under some form of means-end scrutiny.  If the law passes muster under that standard, it is constitutional.  If it fails, it is invalid.

Id. (internal alterations and citations omitted).

The court first found that the challenged law imposed a burden on conduct that generally falls within the scope of the right guaranteed by the Second Amendment.  Id. at 16-17.  The court then proceeded to analyze the challenged statute under intermediate scrutiny.  Id. at 19-20.  The court held that the restriction imposed by 18 U.S.C. § 922(g)(8) is "substantially related to an important government objective," id. at 20, and that the prosecution of the defendant under that statute "is consistent with the government's intended purpose in implementing that statute."  Id. at 23-24.  The court reversed the district court's order granting the defendant's motion to dismiss the indictment.  Id. at 26.

Dated: December 13, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN F. WALSH
United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

s/ Lesley Farby_____
LESLEY R. FARBY (DC #495625)
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone:  (202) 514-3481
Fax:  (202) 616-8470
E-mail: Lesley.Farby@usdoj.gov

3

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2010, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
jmanley@mountainstateslegal.com

/s/ Lesley Farby_____
LESLEY FARBY