**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02408-RPM

DEBBIE BONIDY,
TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS,

        Plaintiffs,

  v.

UNITED STATES POSTAL SERVICE,
PATRICK DONAHOE, Postmaster General, and
STEVE RUEHLE, Postmaster, Avon, Colorado,

        Defendants.

---

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

    Plaintiffs Debbie Bonidy, Tab Bonidy, and the National Association for Gun Rights, by and through undersigned counsel, submit the following supplemental authority.

    In *Ezell v. City of Chicago*, No. 10-3525 (7th Cir. July 6, 2011), the Court of Appeals reversed the district court's denial of a preliminary injunction enjoining enforcement of the City of Chicago's firing range ban.[1]  *Ezell*, slip op. at 50.  In so doing, the court ruled that "a severe burden on the core Second Amendment right of armed self-defense will require an extremely strong public-interest justification and a close fit between the government's means and its end." *Id*. at 43.  In support of that ruling, the court reasoned:

---

[1] A copy of the opinion of the Court of Appeals is attached hereto as Exhibit 1.

> Here, in contrast [to *United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010)], the plaintiffs *are* the "law-abiding, responsible citizens" whose Second Amendment rights are entitled to full solicitude under *Heller*, and their claim comes much closer to implicating the core of the Second Amendment right. . . . All this suggests that a more rigorous showing than that applied in *Skoien* should be required, if not quite "strict scrutiny."

*Ezell*, slip op. at 44–45 (emphasis in original); *see* Defs.' Mot. to Dismiss Pls.' Second Am. Compl. (Doc. 16) at 23; Pls.' Opp'n to Defs.' Mot. to Dismiss at 17 (Doc. 17) (discussing *Skoien*). The court concluded that the City had,

> not come close to satisfying this standard. In the district court, the City presented no data or expert opinion to support the range ban, so we have no way to evaluate the seriousness of its claimed public-safety concerns. Indeed, on this record those concerns are entirely speculative and, in any event, can be addressed through sensible zoning and other appropriately tailored regulations. . . . In the First Amendment context, the government must supply actual, reliable evidence to justify restricting protected expression based on secondary public-safety effects. . . . By analogy here, the City produced no empirical evidence whatsoever and rested its entire defense of the range ban on speculation about accidents and theft.

*Ezell*, slip op. at 45–46 (internal citations omitted). Accordingly, the court remanded with instructions to enter a preliminary injunction consistent with its opinion.

DATED this 8th day of July 2011.

Respectfully Submitted:

/s/ James M. Manley
James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
jmanley@mountainstateslegal.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of July 2011, I filed the foregoing document electronically through the CM/ECF system, which caused the following to be served by electronic means:

Leslie Farby
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7220
P.O. Box 883
Washington, DC 20044
Lesley.Farby@usdoj.gov


     /s/ James M. Manley
     James M. Manley