# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02408-RPM

DEBBIE BONIDY,
TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS

    Plaintiffs,

v.

UNITED STATES POSTAL SERVICE,
PATRICK DONAHOE, Postmaster General, and
STEVE RUEHLE, Postmaster, Avon, Colorado

    Defendants.

---

## PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS ORDERED:

1.    In connection with discovery proceedings in this action, Defendants may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to sensitive documents, including internal United States Postal Service security protocols, non-public personnel information, and law enforcement documents.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, Defendants are certifying to the Court

1

that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

4. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the "qualified persons" designated below:

    (a) attorneys actively working on or supervising the work in this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(g) other persons by written agreement of the parties.

Prior to disclosing any Confidential Material to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. A copy of any such written acknowledgement shall be provided forthwith to all counsel of record.

6. Depositions shall be taken only in the presence of qualified persons.

7. Defendants may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court or to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), but shall not be disclosed to a party, unless otherwise agreed or ordered. All other provisions in this Order with respect to confidentiality shall also apply to Attorney's Eyes Only Material.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. In an effort to avoid any inadvertent disclosure of sensitive information, all documents that have been designated "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEY'S EYES ONLY" pursuant to this Protective Order, if attached to a public filing, shall be filed as a "Level 1" restricted document. Additionally, the parties shall submit as a Level 1 restricted document any other filings, including without limitation substantive motions and briefs, if such filings contain information derived from documents produced under this Protective Order that have been designated "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEY'S EYES ONLY." In accordance with D.C. Colo. L. Civ. R. 7.2, either contemporaneously or within 14 days of the filing of the restricted document or pleading, either party may file a motion to restrict access to the restricted pleading or document.

10. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. Within 30 days after the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to Defendants' counsel, or Plaintiffs may elect to

destroy Confidential documents, provided that Plaintiffs provide Defendants' counsel with a certification of the destruction of the Confidential records within 30 days of the conclusion of this litigation.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 6 day of April, 2012.

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge