# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02408-RPM

TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS,

    Plaintiffs,

    v.

UNITED STATES POSTAL SERVICE,
PATRICK DONAHOE, Postmaster General, and
MICHAEL KERVIN, Postmaster, Avon, Colorado,

    Defendants.

_____

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
_____

Defendants, the United States Postal Service, Postmaster General Patrick Donahoe, and Avon, Colorado Postmaster Michael Kervin, by undersigned counsel, submit the following supplemental authority.

In *Peterson v. Martinez*, No. 11-1149 (10th Cir. Feb. 22, 2013), the Court of Appeals held that the Second Amendment does not provide a right to carry a concealed firearm.[1] The plaintiff in that case, a resident of Washington State, applied for a concealed handgun license ("CHL") from the sheriff of Denver County. Because state law allows sheriffs to issue CHLs only to state residents, plaintiff's application was denied. Plaintiff filed suit, claiming that the Colorado's policy with respect to non-resident CHL applicants violates the Second Amendment,

---

[1] A copy of the opinion of the Court of Appeals is attached hereto as Exhibit 1.

the Privileges and Immunities Clause of Article IV, and other constitutional provisions.  Slip. Op. at 3.

The court rejected plaintiff's Second Amendment claim, explaining that the Second Amendment right is limited, and that bans on the concealed carrying of firearms are longstanding.  *Id.* at 22-25.  Considering "whether the law harmonized with the historical traditions associated with the Second Amendment guarantee," the court concluded that plaintiff's Second Amendment claim fails at step one of the two-step analysis set forth in *United States v. Reese*, 627 F.3d 792, 800 (10th Cir. 2010), because "the Second Amendment does not confer a right to carry concealed weapons."  *Id.* at 25.  The court also noted that plaintiff had waived any challenge to Denver's ordinance restricting the open carrying of firearms.  *Id.* at 26.  Finally, the court rejected plaintiffs' additional constitutional arguments.  Accordingly, the court affirmed the decision of the district court denying plaintiff's motion for summary judgment and granting defendants' cross-motion for summary judgment.  *Id.* at 35.

In a concurrence, Judge Lucero explained that he would have rejected plaintiff's constitutional challenge, even assuming concealed carry were protected under the Second Amendment or the Privileges and Immunities Clause.  Slip. Op. (Concurrence) at 1.  Judge Lucero determined that Colorado had carried its burden under intermediate scrutiny, the maximum applicable standard, because it showed that ensuring that CHL holders are qualified under state law is substantially related to the State's interest in promoting public safety.  *Id.* at 1, 8.  In making this determination, the concurrence emphasized that the challenged law "does not affect [plaintiff's] ability 'to use arms in defense of hearth and home,' the core of the right guaranteed by the Second Amendment."  *Id.* at 6-7 (quoting *Reese*, 627 F.3d at 800).

Dated:  February 28, 2013                                              Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

JOHN F. WALSH
United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

s/ Lesley R. Farby
LESLEY R. FARBY (DC #495625)
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone:  (202) 514-3481
Fax:  (202) 616-8470
E-mail: Lesley.Farby@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 28, 2013 I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
jmanley@mountainstateslegal.com

              s/ Lesley R. Farby
              LESLEY R. FARBY