**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02408-RPM

TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS,

       Plaintiffs,

  v.

UNITED STATES POSTAL SERVICE,
PATRICK DONAHOE, Postmaster General, and
MICHAEL KERVIN, Postmaster, Avon, Colorado,

       Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

Plaintiffs Tab Bonidy and the National Association for Gun Rights ("NAGR"), by and through undersigned counsel, hereby respond to Defendants' February 28, 2013, Notice of Supplemental Authority (Doc. 38) regarding *Peterson v. Martinez*, No. 11-1149 (10th Cir. Feb. 22, 2013).

Unlike the instant case, the Court of Appeals emphasized that *Peterson* did not involve a total ban on carrying firearms:

> Our task is complicated, however, by the somewhat unusual posture of Peterson's claim. Peterson argues that strict scrutiny is appropriate because he is "completely disarmed" while in Denver. That alleged complete disarmament results from the confluence of two enactments: the state statute that requires CHL [concealed handgun license] applicants to be legal residents of Colorado, Colo. Rev. Stat. § 18–12–203, and the Denver ordinance that requires a CHL for most forms of open carry, Denver Rev. Mun. Code § 38–117(a), (b), & (f).

>Peterson has repeatedly expressed, however, that he is not challenging the Denver ordinance.
>
>\* \* \*
>
>Accordingly, we must conduct our two-step Second Amendment analysis based on the effects of the state statute rather than the combined effects of the statute and the ordinance. . . . Peterson seeks a ruling that Colorado may not restrict CHLs to residents of the state. If he succeeds in this challenge, he would be free to obtain a CHL and carry a concealed weapon throughout the state. *By contrast, had Peterson challenged the Denver ordinance, he may have obtained a ruling that allows him to carry a firearm openly while maintaining the state's restrictions on concealed carry. The specific constitutional challenge thus delineates the proper form of relief and clarifies the particular Second Amendment restriction that is before us.* Because only the Colorado statute has been challenged, and thus only the statute is at issue in the case at bar, we must look to the effect of that statute in conducting our Second Amendment assessment.
>
>\* \* \*
>
>In his reply brief, Peterson contends that he "does not assert a Second Amendment right to carry a concealed weapon," but rather challenges the prohibition because it deprives him of "any meaningful opportunity" to bear arms in the City of Denver. (Emphasis omitted.) . . . Peterson has affirmatively waived any challenge to the Denver ordinance's restriction on the open carrying of firearms.

Slip Op. at 18–19, 25–26 (emphasis added); *cf.* Second Am. Compl. ¶ 35 (Doc. 15) ("USPS regulations prohibit law-abiding individuals, including the Bonidys and NAGR's members, from carrying a functional firearm, openly or concealed, onto any real property under the charge and control of the USPS, including inside the Avon Post Office."); Pls.' Cross-Mot. for Summ. J. at 3, 8–9, 19–20, 25, 29 (Doc. 33).

DATED this 4th day of March 2013.

Respectfully submitted,

/s/ James M. Manley
James M. Manley
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
jmanley@mountainstateslegal.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of March 2013, I filed the foregoing document electronically through the CM/ECF system, which caused the following to be served by electronic means:

Leslie Farby  
United States Department of Justice  
Civil Division, Federal Programs Branch  
20 Massachusetts Ave. NW, Room 7220  
P.O. Box 883  
Washington, DC 20044  
Lesley.Farby@usdoj.gov

                                                  /s/ James M. Manley  
                                                  James M. Manley